IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASON RICARD STORM<br>66 Littlebrook Avenue<br>Burnham, Slough<br>Berkshire, Great Britain<br><br>     Plaintiff,<br><br>       v.<br><br>HON. JOHN J. DOLL<br>Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office<br>Madison Building<br>600 Dulany Street<br>Alexandria, VA 22314<br><br>     Defendant. | Civil Action No.---- |

## COMPLAINT

Plaintiff Mason Ricardo Storm, for his complaint against defendant the Honorable John J. Doll, states as follows:

1. This is an action by the owner of United States Patent No. 7,432,978 seeking review of inaccurate and erroneous patent term adjustment calculations made by the United States Patent & Trademark Office ("PTO"). Specifically, this is an action by Plaintiffs under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 540 days calculated by the PTO for the '978 patent should be corrected to 1,006 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

### I. THE PARTIES

3. Plaintiff Mason Ricardo Storm ("Storm") is an individual who is a citizen of, and resides in, Great Britain. Storm's address is 66 Littlebrook Avenue, Burnham, Slough, Berkshire, Great Britain.

4. Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office. Defendant is sued in his official capacity.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiffs pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and FRCP 6(a)(3).

## III. BACKGROUND

8. The '978 patent issued to Mason Ricardo Storm on October 7, 2008, based on patent application number 10/483,626 which entered the national stage under 35 U.S.C. § 371 June 29, 2004. The '978 patent is attached hereto as Exhibit A.

9. Plaintiff Storm is the inventor of the invention claimed in the '978 patent, and is the real party in interest in this case.

10. When the USPTO issued the '978 patent on August 7, 2008, it erroneously calculated the entitled patent term adjustment for the '978 patent as 540 days. Had the USPTO calculated the entitled patent term adjustment properly, the '978 patent would be entitled to 1,006 days of patent term adjustment.

11. The errors in the USPTO's patent term adjustment calculations are detailed in a recent order from the U. S. District Court for the District of Columbia in an action titled *Wyeth* v. *Dudas*, 580 F. Supp. 2d 138 (D.D.C. Sept. 30, 2008) where the Court granted summary judgment against the USPTO, holding that the USPTO's patent term adjustment calculation methodology was erroneous as a matter of law and inconsistent with the Patent Statute.

12. The correct patent term adjustment methodology identified in the prior *Wyeth* v. *Dudas* action governs the USPTO's calculation of patent term adjustment for Plaintiff's '978 patent.

### IV. COUNT I:  U.S. PATENT NO. 7,432,978

13. Plaintiff incorporates by reference the allegations in paragraphs 1-12 above, as if fully set forth herein.

14. During prosecution of the '978 patent, the patent owner accrued 568 days of patent term adjustment under 35 USC § 154(b)(1)(A), and accrued 466 days of patent term adjustment under 35 USC 154(b)(1)(B).

15. Under the PTO's interpretation of 35 USC § 154, all PTA accrued under 35 U.S.C. § 154(b)(l)(A) and all PTA accrued under 35 USC § 154(b)(l)(B) inherently overlaps and, thus, it has been the PTO position that a patent holder is only eligible for the larger of these two amounts of PTA, 568 days.  For the '978 patent, the PTO erroneously limited the patent term adjustment for the '978 patent to 540 days (*see* calculation in paragraph 21, below), as shown on the face of the '978 patent.

16. In view of a recent decision from this Court (*Wyeth v. Dudas, supra*), all days on which 35 USC 154(b)(1)(A) or 35 USC 154(b)(l)(B) apply should accrue patent term adjustment for the '978 patent.

3

17. Each day from the day after August 29, 2005 (14 months from the National Stage Entry) through to the issuance of a Non-Final Office Action on March 20, 2007, qualify for patent term adjustment under 35 U.S.C. § 154(b)(1)(A), a total of 568 days.

18. Furthermore, each day from the day after June 29, 2007 (3 years from meeting all 35 USC 371 Requirements on National Stage entry of PCT application *PCT/ GB02/03245)* through to the issuance of the patent on October 7, 2008, qualify for patent term adjustment under 35 U.S.C. § 154(b)(l)(B), a total of 466 days.

19. Under the interpretation of this Court (*Wyeth v. Dudas, supra*), there is no overlap between the time periods of delay calculated under 35 U.S.C. § 154(b)(1)(A) ending on March 20, 2007, and 35 U.S.C. § 154(b)(1)(B) period, beginning on June 29, 2007, and the total PTO prosecution delay is accordingly 568 + 466 = 1,034 days, minus any period attributed to disclaimed term or applicant's delay 35 U.S.C. § (154(b)(2)(B) or (C).

20. Plaintiff agrees with the PTO's holding of a total applicant prosecution delay of 28 day under 35 USC 154(b)(2)(B) or (C).

21. Under the PTO's interpretation, the PTO had calculated an erroneous patent term adjustment of 568-28 = 540 days.

22. It is accordingly believed that the overall Patent Term Adjustment accrued by the patent holder is 1,034-28 = **1,006 days**, and the patent holder accordingly requests 1,006 - 540 = 466 **ADDITIONAL days** of Patent Term Adjustment.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '978 patent term from 540 days to 1,006 days and requiring Defendant to alter the terms of the '978 patent to reflect the 1,006 days of actual patent term adjustment due the '978 patent.

4

B.   Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: April 6, 2009

                                        Respectfully submitted,

                                        MASON RICARDO STORM

                                        By: _____
Roger L. Browdy (DC Bar No. 164,251)
Ronni S. Jillions (DC Bar No. 375,817)
BROWDY AND NEIMARK, P.L.L.C
624 Ninth Street, N.W.
Washington, DC 20001
Tel.: (202) 628-5197
Fax: (202) 737-3528
Email: rlbrowdy@browdyneimark.com
        rsjillions@browdyneimark.com

Attorneys for Plaintiff

Address for mail:
BROWDY AND NEIMARK, P.L.L.C.
624 Ninth Street, NW
Washington, DC 20001
(202) 202-628-5197